UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRENT D. SANBORN, Trustee for the Brent D. Sanborn Trust,<br><br>Plaintiff,<br><br>v.<br><br>NEWREZ LLC, et al.,<br><br>Defendants. | CASE NO. C23-5542 BHS<br><br>ORDER |

THIS MATTER is before the Court on pro se plaintiff Brent Sanborn's application to proceed *in forma pauperis*, Dkt. 1, supported by his proposed complaint, Dkt. 1-1, and on Sanborn's Emergency Motion for a Temporary Restraining Order, Dkt. 2.

Sanborn alleges that he is indigent and that his home is in foreclosure. His complaint and his motion are difficult to read, but he appears to contend that his original mortgage lender (in 2003) failed to explain the consequences of default, and that it or one or more of its successor holders of his note is "defunct." He asserts that he "sold" his note for $650,000 in 2007 and that, in return, he obtained the property in "full satisfaction."

ORDER - 1

1  He appears to assert that the note was illegally sold or assigned, and that his lender, its
2  successor, and/or his loan servicer engaged in fraud and or forgery. Dkt. 1-1 at 8.
3         He asks the Court to enjoin a non-judicial foreclosure sale scheduled for June 23,
4  2023, arguing that he is likely to succeed on the merits of his claims and that he is facing
5  irreparable harm if the sale proceeds. Dkt. 2.
6         A district court may permit indigent litigants to proceed *in forma pauperis* upon
7  completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The Court has
8  broad discretion in resolving the application, but "the privilege of proceeding *in forma*
9  *pauperis* in civil actions for damages should be sparingly granted[.]" *Weller v. Dickson*,
10 314 F.2d 598, 600 (9th Cir. 1963). A court should "deny leave to proceed *in forma*
11 *pauperis* at the outset if it appears from the face of the proposed complaint that the action
12 is frivolous or without merit." *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1369 (9th
13 Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma*
14 *pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati*,
15 821 F.2d at 1370 (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also*
16 *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).
17        A pro se plaintiff's complaint is to be construed liberally, but like any other
18 complaint it must nevertheless contain factual assertions sufficient to support a facially
19 plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic*
20 *Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible
21 when "the plaintiff pleads factual content that allows the court to draw the reasonable
22 inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Ordinarily, the Court will permit pro se litigants an opportunity to amend their complaint in order to state a plausible claim. *See United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.")

The purpose of a Temporary Restraining Order is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing [on the preliminary injunction application], and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423 (1974); *see also Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130-31 (9th Cir. 2006). To obtain a TRO or a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Sanborn has not met the standard for *in forma pauperis* status. He has established his indigency, but he has not stated a plausible claim. Courts in this district routinely reject "show-me-the-note" claims. *See, e.g., Mikhay v. Bank of Am., NA.,* 2011 WL 167064, *2–*3 (W.D. Wash. 2011); *Wright v. Accredited Home Lenders*, 2011 WL 39027 (W.D. Wash. 2011); *Pelzel v. First Saving Bank Northwest,* 2010 WL 3814285, at *2 (W.D. Wash. 2010); *Wallis v. IndyMac Fed. Bank*, 717 F. Supp. 2d 1195, 1200 (W.D. Wash. 2010); *Freeston v. Bishop, White & Marshall, P.S.*, 2010 WL 1186276, at *6 (W.D. Wash. 2010). Indeed, the Washington Deed of Trust Act requires that a

foreclosing lender demonstrate its ownership of the underlying note to the trustee, not the borrower. RCW 61.24.030(7).

Nor has Sanborn demonstrated he is likely to succeed on the merits of any claim arguing that the note is unenforceable based on the sale, assignment, or securitization of his debt. He lacks standing to raise these arguments as he is not a party to the securitization contracts. *See Deutsche Bank Nat. Trust Co. v. Slotke*, 192 Wn. App. 166, 177, 367 P.3d 600 (2016) ("Slotke bases [her] argument on a challenge to Deutsche Bank's compliance with the trust's pooling and servicing agreement, but she lacks standing to raise that issue because she is not a party to or intended third-party beneficiary of that agreement."); *McCarty v. U.S. Bank, N.A.*, No. 11-CV-5078 RBL, 2012 WL 1751791, at *2 (W.D. Wash. May 16, 2012) (dismissing securitization claims on Rule 12 motion); *Canzoni v. Countrywide Bank*, No. C16-5239-RBL, 2016 WL 3251403 (W.D. Wash. June 13, 2016) (same). *See also Cervantes v. Countrywide Home Loans*, 656 F.3d 1034 (9th Cir. 2011) (The "split the note" theory has no sound basis in law or logic.).

Sanborn has not plausibly alleged that the note has been satisfied (by his "sale" of it in exchange for the property); the note is his promise to repay the loan, and that promise is secured by the property.

Sanborn's motion for leave to proceed *in forma pauperis*, Dkt. 1, is therefore **DENIED**. He shall pay the filing fee or file a proposed amended complaint within 21 days, or the matter will be dismissed.

Because Sanborn has not stated a plausible claim, he has not established that he is likely to succeed on the merits of his claim. His motion for a Temporary Restraining Order, Dkt. 2, is **DENIED**.

IT IS SO ORDERED.

Dated this 16th day of June, 2023.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 5